UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JANICE E. COBB-HENNIX, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-1572 (PLF) |
| NATHANIEL FIELDS, et al., | ) ) ) | |
| Defendant. | ) ) | |

ORDER

Plaintiff has filed a motion for the appointment of counsel to represent her in this action. Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel. See Willis v. F.B.I., 274 F.3d 531, 532-33 (D.C. Cir. 2001); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). If a plaintiff is proceeding in forma pauperis, the Court is authorized to appoint counsel under 28 U.S.C. § 1915 (e)(1) (1994), if she qualifies financially but is not obliged to do so unless the plaintiff demonstrates financial need and that such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. See Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986). "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it." Id.

In a Title VII action such as this, the Court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1) (1994). In considering such an application, the Court should consider "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the

efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel." Ficken v. Alvarez, 146 F.3d 978, 979, 980-81 (D.C. Cir.1998) (quoting Poindexter v. FBI, 737 F.2d 1173, 1185 (D.C. Cir. 1984)).

The Court has considered the potential merits of the claim, the complexity of the legal and factual issues involved, plaintiff's *pro se* representation to this point in the proceedings, and particularly her financial condition, as well as the degree to which the interests of justice will be served by appointment of counsel, including the benefit the court may derive from the assistance of the appointed counsel. See LCvR 83.11(b)(3); Ficken v. Alvarez, 146 F.3d at 980-82. The Court has also taken into consideration the very limited pro bono resources available to the Court. After carefully reviewing and weighing these factors, the court concludes that appointment of counsel is not warranted. Accordingly, it is hereby

ORDERED that plaintiff's application to proceed in forma pauperis [5] is DENIED; and it is

FURTHER ORDERED that plaintiff's motion for appointment of counsel [2] is DENIED.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 1, 2006

2