Janice Cobb-Hennix v. ADF

EEOC No. 100-A2-7581X

Exhibit RR



# AFRICAN DEVELOPMENT FOUNDATION

September 17, 1998

Mr. Joseph Gebhardt
1748 N Street NW
Washington, D.C. 20036

                                            Re: Ms. Janice Cobb-Hennix

Dear Mr. Gebhardt:

At our last meeting, on March 25, ADF agreed to continue to accommodate Ms. Cobb-Hennix by advancing sick leave and otherwise flexibly applying sick leave policy, granting participation in the leave donor program, and permitting rest breaks. She was also reassigned to another position which is more flexible in terms of hours and duties.

It was agreed that ADF would put together a description of the Grants Correspondence Management Assistant position to which Ms. Cobb-Hennix was reassigned, broken down by specific tasks. This has been done, and a copy is attached.

Finally, it was decided that Ms. Cobb-Hennix would share the position description with her doctor who would advise ADF of his opinion concerning the level of effort ADF could expect of her in the performance of the job. He would also specify any accommodations he believed would be necessary to allow Ms. Cobb-Hennix to perform all of the essential elements of the position. At the time, the Vice President also indicated that he would request Ms. Cobb-Hennix to see a doctor of the Foundation's choosing to corroborate Ms. Cobb-Hennix's doctor's opinion.

Since that meeting, Ms. Cobb-Hennix has assumed the position in question and has been performing her duties in that capacity for seven months without apparent difficulty. At this point, rather than adhere to the original plan requiring physicians to review the position description, it would appear in the best interests of both the Foundation and Ms. Cobb-Hennix to meet to discuss with her whether she perceives that there are any problems or issues concerning her ability to perform some or any of the tasks that have been assigned to her. If there are issues related to her ability to perform certain tasks, we may be able to work out reasonable accommodations immediately, and thus obviate the

need for further medical assessments. If, on the other hand, we are unable to reach agreement on the resolution of any issue raised or any particular request for accommodation, we could then proceed to the step of having the doctors review the situation and provide us with an opinion.

If this proposal is agreeable to you and to Ms. Cobb-Hennix, we can proceed to meet at a mutually convenient time next week.

I look forward to your reply.

Sincerely

Paul Magid
General Counsel

cc. Nate Fields, Vice President
    Clarence Turner, EEO Counselor