Janice Cobb-Hennix v. ADF

EEOC No. 100-A2-7581X

Exhibit Y

Case 1:06-cv-01572-PLF    Document 14-66    Filed 02/02/2007    Page 1 of 3

Memorandum
29 January, 1997

To:         Bill Ford, President

From:       Tom Wilson, Director
            Office of Budget, Finance and Administration

Subject:    Receptionist Operations

Attached is a memorandum from Janice Cobb Hennix with a note from her doctor. The substance of the memorandum is that Ms Hennix is required to go to the rest room on a frequent basis and is unable to get someone to relieve her at the front desk on a timely basis. She alleges that this problem has affected her health.

I believe this situation opens us up to the possibility of a lawsuit under the Americans with Disabilities Act which requires us to make 'reasonable accommodation' to the needs of individual employees with handicaps or disabilities. It seems to me that we have three options:

1. Assign Ms Hennix to a different position in the Foundation which does not require her to maintain constant coverage. This can be either an existing position or a new position.

2. Allow Ms Hennix to visit the restroom whenever she pleases, regardless of whether coverage for the front desk is immediately available, with the proviso that she lock the door and transfer the incoming calls to Janis McCollim's office.

3. Provide a broader pool of coverage for the front desk but continue to require that Ms Hennix get someone to relieve her before leaving the front desk.

I do not recommend the first option. Ms Hennix' position from the first day she was assigned to this function was that she did not like it or want it. She wanted the Foundation to create a job away from the phones where she could work at her own pace. She has not been a particularly good performer in per previous



RECEPT5.DOC

positions at ADF. With the limited staff we have available, I do not believe we can afford to encumber a scarce position with someone who does not perform well. The position she is currently in is one of the least critical positions we have.

Expanding the pool of coverage might help some, but I do not believe it will address the core problem. No matter who agrees to cover the front desk, there will be a delay of 1 - 3 minutes while ongoing work is finished up before a person responds. This apparently has been unsatisfactory and, if Ms Hennix is intent on making this an issue, will not deprive her of a grievance.

I recommend the second option. The times when the front desk is uncovered should be short - no more than 5 minutes. A small sign could indicate that she will return shortly. While a few phone calls could be lost, the number should be minimal. Incoming phone calls to the Foundation average fewer than 80 per day. Assuming 6 trips per day at 5 minutes each (she gets one hour for lunch and two 15 minute breaks each day), the front desk will be uncovered about 6% of the time. This will mean that 5 calls will be redirected to Janis' office of which 1 or 2 will be lost because she is not at her desk.

Please let me know what you think.

cc:   Nate Fields
      Connie Smith-Field
      Paul Magid
      Genevieve Peterson

Attachment   a/s

RECEPT5.DOC