Janice Cobb-Hennix v. ADF

EEOC No. 100-A2-7581X

Sworn Statement of Nathaniel Fields

I, Nathaniel Fields, state the following:

1. I began with the African Development Foundation in December 1995. I served as the Foundation's Vice President from December 1995 to July 2000. While serving as the Vice President, I was the final reviewer of Complainant's performance evaluations and Tom Wilson's first line supervisor. In July 2000, I became the President of the Foundation.

2. Prior to June 1997, I had no knowledge that Complainant suffered from lupus.

3. Prior to reading Tom Wilson's January 29, 1997, memorandum regarding her bladder condition, Complainant did not inform me, or to my knowledge any other ADF official, that she suffered from a bladder condition.

4. In response to Complainant's January 28, 1997, letter, we reiterated to Complainant that she could use the restroom whenever she felt the urge even if doing so would leave the receptionist area unattended. At no time before or after the Foundation's receipt of this letter was Complainant prevented from using the bathroom.

5. Complainant was never disciplined for leaving her desk to use the restroom. No policy existed to prevent her from using the restroom. I never told Complainant that she could not leave her desk to use the restroom.

6. By November 1997, the Foundation had appointed five individuals to relieve Complainant. William Ford and I had, on several occasions prior to this time, instructed Complainant to leave her desk any time she had the urge to urinate, even without a relief person available. We had also encouraged Complainant to call either of us to relieve her as needed.

7. During a meeting in November 1997, Complainant suggested that a reasonable accommodation would include frequent rest breaks throughout the day. She suggested 3 to 4 breaks per day. In response to that request, we began managing a desk relief schedule for Complainant. Complainant was given four 15 minute breaks during the workday in addition to her one hour lunch break. As always, Complainant was encouraged to use the restroom at her discretion.

8. In Complainant's informal complaint of discrimination, she requested that she be relieved of her receptionist duties. Because she was the receptionist at that time, to do so would have required that the agency reassign her. Two years prior, the Foundation had suffered a reduction in force. There were no vacant positions to which she could be reassigned.

1



9. In 1997, we were able to identify and fund the newly created position of Grants and Correspondence Management Assistant which was offered to Complainant. The Foundation began structuring a task specific position description in order to ensure that the duties did not exceed her physical limitations and would serve as an effective accommodation.

10. In order to ensure that the Grants and Correspondence Management Assistant position effectively addressed Complainant's needs, I requested information regarding Complainant's specific limitations so that the position description could be tailored to her exact requirements. We engaged in discussions with Complainant regarding what duties should and should not be assigned to the newly created position.

Pursuant to 28 USC 1746, I declare under penalties of perjury that the foregoing statement is true to the best of my knowledge.

June 12, 2003

*Nathaniel Fields*
Nathaniel Fields